NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLARENCE A. GIPBSIN, AKA Clarence Gibson, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SCOTT KERNAN; et al., <br><br> Defendants-Appellees. | No. 21-15627 <br><br> D.C. No. 2:12-cv-00556-KJM-DB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted December 19, 2023[**]
San Francisco, California

Before: WALLACE, O'SCANNLAIN, FERNANDEZ, Circuit Judges.

Clarence Gipbsin appeals from the district court's summary judgment. We

have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's

summary judgment de novo. *See Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2004).  We review a district court's denial of a motion to appoint counsel for abuse of discretion.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  We affirm.[1]

The district court did not err in holding that the Defendants did not act with deliberate indifference to any serious medical needs that Gipbsin may have.  Gipbsin provided no evidence that any Defendant knew of and disregarded any excessive risks to Gipbsin's health and safety while he was housed and treated at High Desert State Prison awaiting transfer.  *See Toguchi*, 391 F.3d at 1057.  Gipbsin received mental health care, and Gipbsin provided no evidence that this care was constitutionally inadequate.  To the extent Gipbsin disagrees with the treatment he received, "[a] difference of opinion does not amount to deliberate indifference[.]" *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  Moreover, the delay in his transfer was not caused by any disregard to his health and safety, but by a staff shortage and an accompanying waitlist at Atascadero State Hospital.

The district court did not abuse its discretion in denying Gipbsin's motions for the appointment of counsel, as there were no "exceptional circumstances" warranting such relief.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

**AFFIRMED.**

---

[1] We deny Gipbsin's request for judicial counsel review (Dkt. No. 19); motion for supplemental damages (Dkt. No. 32); and motion to stay responses (Dkt. No. 60).